O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARK STABLEFORD, | ) | CASE NO. SA CV 09-01071 PA (RZ) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| MATTHEW MARTEL, Warden, | ) ) | |
| Respondent. | ) ) | |

      The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on September 16, 2009. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) On August 17, 2004 in Orange County Superior Court, Petitioner entered a guilty plea to a charge of kidnapping for robbery. He was sentenced to 12 years in prison. Pet. ¶ 2.

(b) Petitioner appealed, but after obtaining numerous extensions for briefing, Petitioner requested that the California Court of Appeal dismiss his appeal, and that court complied on May 25, 2005. *See* docket in *People v. Stableford*, Cal. Ct. App. case no. G034579, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=530112&doc_no=G034579. (Petitioner states that the "denial," actually a dismissal, occurred on December 7, 2004, *see* Pet. ¶ 3(c), (d), but the online public records show otherwise.) Petitioner claims to have sought further direct review from the California Supreme Court and that that court denied relief in "2005," *see* Pet. ¶ 4, but this Court takes judicial notice that the state's public records of California Supreme Court filings reflect no such petition was filed.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after August 24, 2005, when the high court's 90-day period for seeking such relief expired. *See* Sup. Ct. R. 13.1. (If Petitioner were correct in asserting that the California Supreme Court rejected further direct review in "2005," then the latest possible date on which his conviction could have become final is March 31, 2006.)

(d) Two years later, Petitioner sought habeas relief in the trial court, which denied his petition on December 31, 2007. Pet. ¶ 6(a).

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's last day to file his petition within the AEDPA period was no later than Thursday, August 25, 2006, a year after his conviction became final. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's commencement of state habeas proceedings over a year thereafter cannot rejuvenate his stale claims. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

Even if Petitioner had acted more promptly after his direct appeal ended, moreover, this action would still be time-barred due to his delay after his state habeas petition was rejected on December 31, 2007. He did not file the present petition until September 16, 2009, well over a year later.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

///
///
///
///
///

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: September 21, 2009

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE